Reade J.
 

 There seems to be no force in the defendant’s first exception: that the existence of the corporation could only be shown by the act of incorporation; because “it was
 
 admitted
 
 that the city was incorporated, and that the charter and laws required the Mayor and Commissioners to be ■elected.” This admission dispensed with the production of the charter.
 

 The second exception : that the persons with whom the
 
 *507
 
 defendant contracted were never elected to office, and never-installed into office, and were mere intruders, — is well taken. There are many cases where the acts of
 
 de facto
 
 officers acting under
 
 color
 
 of authority are valid, and, in such cases, their regular induction into office is
 
 presumed;
 
 but certainly there can be no such presumption in this case against the
 
 admitted
 
 fact that they had never held office before, and were never elected to office, and that the charter requires an election. Against these admissions there can be no presumption and therefore it follows that they were mere intruders or usurpers, and had no authority to bind the city.
 

 There is no error. Let this be certified, &c.
 

 Per Curiam. Judgment affirmed.